IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| ALICIA BOLLING | * |
| | * |
| And | * |
| | * |
| CHRISTINE MILLER | * |
| | * |
| And | * |
| | * |
| FOLASADE FIELDS | * |
| 836 Bonifant Street | * |
| Silver Spring, Maryland 20910 | * |
| | * |
| PLAINTIFFS[1], | * |
| | * |
| v. | *  Case No.: 1:15-cv-00911-WDQ |
| | * |
| PP&G, INC. , *et al.* | * |
| | * |
| DEFENDANTS. | * |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## FIRST AMENDED COMPLAINT

Plaintiffs Alicia Bolling ("Bolling"), Christine Miller ("Miller"), and Folasade Fields ("Fields") (together, "Plaintiffs"), by and through undersigned counsel, hereby submit their First Amended Complaint against Defendants PP&G, Inc. d/b/a Norma Jeans ("Norma Jeans") and Peter Ireland ("P. Ireland") (together, "Defendants') to recover unpaid wages and statutory damages under the Federal Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201 *et seq*. ("FLSA"), the Maryland Wage and Hour Law, Maryland Code Annotated, Labor and Employment Article §§ 3-401 *et seq*. (hereinafter, "MWHL"), and for other damages as set forth below.

## PARTIES AND JURISDICTION

1. Plaintiffs are adult residents of the Maryland. By acting as the named Plaintiffs in this action, each Plaintiff hereby formally affirms their consent to participate as Plaintiffs in an FLSA

---

[1] To avoid retaliation, Plaintiffs have listed the address of their counsel.

action.

2. Norma Jeans is a corporation formed under the laws of the State of Maryland with its principal place of business located in Baltimore, Maryland. At all time Norma Jeans has done business as an exotic dance club in Baltimore, Maryland.

3. At all times, P. Ireland had a personal or family financial interest in Norma Jeans and held himself out to the public, the Plaintiffs, and to the media as the owner and the individual in charge of Norma Jeans.

4. At all times, P. Ireland was a high level manager of Norma Jeans and was Plaintiffs' highest level supervisor.

5. At all times, P. Ireland was in charge of managing and controlling Defendants' managers who oversee the day-to-day operations of Norma Jeans.

6. At all times, all important business operation questions and decisions that could not be answered or otherwise handled by Defendants' managers were brought to and resolved by P. Ireland.

7. At all times, P. Ireland made all decisions relating to Plaintiffs' rate and method of pay.

8. On a near daily basis, P. Ireland personally interacted with Plaintiffs regarding the day-to-day operations of Norma Jeans.

9. P. Ireland, individually, interacted with Plaintiffs regarding employment matters and concerns Plaintiffs had regarding their employment, their rate and method of compensation, and other complaints or concerns regarding the operations of Norma Jeans.

10. P. Ireland, individually, regularly and customarily spent significant time each week at Norma Jeans attending to the day-to-day operations of Norma Jeans.

11. Both Defendants were Plaintiffs' "employers" for purposes of the FLSA and MWHL.

12. At all times, Defendants were engaged in commerce or in the production of goods for

commerce within the meaning of § 3(s)(1) of the FLSA (29 U.S.C. § 203(s)(1)).

13. At all times, Defendants had gross annual revenues exceeding $500,000.00 and otherwise qualified as an "enterprise" within the meaning of § 3(r) of the FLSA (29 U.S.C. § 203(r)).

14. At all times, Plaintiffs were individual employees engaged in commerce or the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

15. This Court has jurisdiction over Defendants pursuant to § 16(b) of the FLSA, 29 U.S.C. § 216(b), and 28 U.S.C. § 1337 relating to "any civil action or proceeding arising under any act of Congress regulating commerce." Subject matter jurisdiction is invoked under 28 U.S.C. § 1331 (Federal Question). Venue in this Court is proper pursuant to 28 U.S.C. § 1391.

## FACTS

16. Plaintiffs were employed by Defendants as bartenders at Defendants' Norma Jeans exotic dance club during the following approximate time periods:

   Bolling:   September 2009 – December 2014;

   Miller:    December 2009 – December 2014; and

   Fields:    August 2010 – August 2014.

17. During the period of Plaintiffs' employment, Plaintiffs typically worked between thirty (30) – forty (40) hours per week.

18. During the period of Plaintiffs' employment, the FLSA and MWHL set the Federal and Maryland Minimum Wage at $7.25 per hour.

19. During the period of Plaintiffs' employment, The FLSA and MWHL provided an alternative method of compliance with the minimum wage for eligible tipped employees called the "tip credit."

20. Pursuant to the FLSA and MWHL, if Defendants intended to count tips towards

compliance with the FLSA and MWHL minimum wage and overtime requirements, Norma Jeans must have first fulfilled each element of the "tip credit" as spelled out explicitly in the FLSA 29 U.S.C. 203(m).

21. The required FLSA and MMWHL elements for "tip credit" compliance are as follows:

(1) Defendants must have paid Plaintiffs direct wages in an amount not less than the "tip credit" minimum wage ($2.13 under the FLSA and $3.63 under the MWHL);

(2) Plaintiffs must have received tips in such an amount at least equal to the difference between the direct wages paid and the FLSA and MWHL minimum wage required amount ($7.25); and

(3) The preceding sentences shall not apply with respect to any tipped employee unless such employee has been informed by the employer of the provisions of this subsection, and all tips received by such employee have been retained by the employee, except that this subsection shall not be construed to prohibit the pooling of tips among employees who customarily and regularly receive tips.

29 U.S.C. 203(m)

22. During the period of Plaintiffs' employment, Defendants paid Plaintiffs a shift rate of approximately $40.00 per shift (in cash) for a daily shift averaging about 8 hours.

23. During the period of Plaintiffs' employment, Plaintiffs' regular hourly rate was at or about $5.00 per hour ($40.00 per shift / 8 hours = $5.00 per hour).

24. During the period of Plaintiffs' employment, Plaintiffs' approximate average regular hourly rate was less than the FLSA and MWHL minimum wage rate.

25. During the period of Plaintiffs' employment, Defendants did not perform the required conditions precedent so as to comply with the FLSA or MWHL wage payment requirement.

26. During the period of Plaintiffs' employment, Defendants never provided Plaintiffs with notice that Plaintiffs would be paid according to the FLSA and MWHL "tip credit."

27. During the period of Plaintiffs' employment, Defendants did not permit Plaintiffs to retain all tips received from Defendants' customers.

28. During the period of Plaintiffs' employment, Defendants required Plaintiffs to turn over a portion of their tips to Defendants' management in the amount of approximately $65.00 per month or $75.00 per month for a fictional tax charge.

29. As a consequence, Plaintiffs are owed unpaid minimum wage compensation equal to the difference of the wages they received per hour ($5.00 per hour) and the wages the FLSA and MWHL mandated per hour ($7.25 per hour).

30. For each year during the period of Plaintiffs employ, Norma Jeans issued Plaintiffs an IRS Information Return W-2 that stated that Plaintiffs' yearly gross wages equaled at or about $5,200.

31. The amounts on the W-2s are facially incorrect and have no relationship to Plaintiffs' yearly gross wages while in Defendants' employ.

32. As a consequence, Plaintiffs have a valid and enforceable private right of action against Norma Jeans under 26 U.S.C. § 7434.

33. 26 U.S.C. § 7434 provides that "[i]f any person willfully files a fraudulent information return with respect to payments purported to be made to any other person, such other person may bring a civil action for damages against the person so filing such return."

34. To state a claim for relief under 26 U.S.C. § 7434, Plaintiffs must allege facts to prove (1) that Norma Jeans issued an information return; (2) that the information return was fraudulent; and (3) that Norma Jeans willfully issued a fraudulent information return.

35. Plaintiffs satisfy the first element of this claim because Norma Jeans issued Plaintiffs inaccurate IRS Form W-2s each year while Plaintiffs were in Norma Jeans' employ.

36. Issuing an IRS Form W-2 or 1099 constitutes issuing an information return.

37. As to the second and third elements, Norma Jeans had actual knowledge and knew that Norma Jeans underreported Plaintiffs' earnings on the IRS Form W-2s issued to Plaintiffs.

38. Further, because Norma Jeans paid Plaintiffs in cash, Norma Jeans knew exactly how much money it should have reported on Plaintiffs' IRS Form W-2s as Plaintiffs' actual wages.

39. At all times, Norma Jeans had actual knowledge that the amounts listed on Plaintiffs' IRS Form W-2s was untruthful and had no relationship to the wages Norma Jeans paid Plaintiffs.

## CAUSES OF ACTION

### COUNT I
**Violation of Federal Fair Labor Standards Act**

40. Plaintiffs re-allege and reassert each and every allegation set forth above as if each were set forth herein.

41. Section 206(a)(1) of the FLSA provides that no employer shall employ any employee for an hourly wage of less than the federal minimum wage, currently $7.25 per hour.

42. At all times, Plaintiffs were "employees" covered by the FLSA, 29 U.S.C. § 206(a)(1).

43. At all times, both Defendants were Plaintiffs' "employers" under the FLSA.

44. Defendants, as Plaintiffs' employers, were obligated to compensate Plaintiffs for all hours worked at an hourly rate not less than the Federal Minimum Wage.

45. As set forth above, at all times, Defendants paid Plaintiffs at an hourly rate that calculates to an amount less than the Federal Minimum Wage.

46. At all times, Defendants had a DOL sign hanging in Defendants' business establishment that put Defendants on notice and gave Defendants actual knowledge of the Federal Minimum Wage rate.

47. At all times, Defendants had actual knowledge that the compensation method and amount that Defendants paid Plaintiffs was less than the compensation method and amount required by the FLSA.

48. Defendants' failure and refusal to pay compensation to Plaintiffs as required by the FLSA

was willful and intentional, and not in good faith.

WHEREFORE, Defendants are liable, jointly and severally, to Plaintiff for unpaid minimum wages in such amounts as are proven at trial, plus an equal amount in liquidated damages, interest (both pre- and post-judgment), attorney's fees, the costs of this action, and any other and further relief this Court deems appropriate.

## COUNT II
### Violation of Maryland Wage and Hour Law

49. Plaintiffs re-allege and reassert each and every allegation set forth above, as if each were set forth herein.

50. Plaintiffs were "employees" and both Defendants were Plaintiffs' "employers" within the meaning of MWHL.

51. As Plaintiffs' employers, Defendants were obligated to pay Plaintiffs wages at least equal to $7.25 per hour, the Maryland Minimum Wage.

52. As set forth above, at all times, Defendants paid Plaintiffs at an hourly rate that calculates to an amount less than the Maryland Minimum Wage.

53. At all times, Defendants had a DLLR sign hanging in Defendants' business establishment that put Defendants on notice and gave Defendants actual knowledge of the Maryland Minimum Wage rate.

54. At all times, Defendants had actual knowledge that the compensation method and amount that Defendants paid Plaintiffs was less than the compensation method and amount required by the MWHL.

55. Defendants' failure and refusal to pay compensation to Plaintiffs as required by the MWHL was willful and intentional, and not in good faith.

WHEREFORE, Defendants are liable, jointly and severally, to Plaintiff for unpaid minimum

wages in such amounts as are proven at trial, plus an equal amount in liquidated damages, interest (both pre- and post-judgment), attorney's fees, the costs of this action, and any other and further relief this Court deems appropriate.

### COUNT III
### Violation of 26 U.S.C § 7434
### (Private Right of Action)

56. Plaintiffs re-allege and reassert each and every allegation set forth above as if each were set forth herein.

57. In each tax year during the period of Plaintiffs' employment, Norma Jeans knowingly issued Plaintiffs an incorrect IRS Form W-2 tax form.

58. In each tax year, Norma Jeans should have issued each Plaintiff a correct IRS Form W-2 tax form with the correct wages noted and calculated and the correct withholdings noted, calculated, and withheld.

59. At all times, Norma Jeans had actual knowledge that an IRS Form W-2 tax form with the correct wages noted and calculated and the correct withholdings noted, calculated, and withheld was the legally required tax form for each Plaintiff and that Norma Jeans should have issued to each Plaintiff this tax document and not an IRS Form W-2 representing wages and withholdings representing an arbitrary and incorrect amount with no relationship to Plaintiffs' actual wages.

60. Norma Jeans acted willfully and fraudulently to purposely issue an incorrect IRS Form W-2 to each Plaintiff in each tax year during her employ.

61. Norma Jeans acted willfully to issue incorrect IRS Form W-2s to each Plaintiff so (1) to avoid paying the employer share of FICA and related employer tax withholdings and (2) to reduce overhead and gain an unfair competitive advantage against industry competitors that otherwise adhered to their employer related tax obligations.

WHEREFORE, Norma Jeans is liable to each Plaintiff under Count III in the statutory damages amount of $5,000.00 for each fraudulent information return, plus reasonable attorney's fees, the costs of this action, and any other and further relief this Court deems appropriate.

                Respectfully submitted,

                __/s/ Gregg C. Greenberg_____
                Gregg C. Greenberg, Bar No. 17291
                Zipin, Amster & Greenberg, LLC
                836 Bonifant Street
                Silver Spring, Maryland 20910
                Phone: 301-587-9373
                Fax: 301-587-9397
                Email: ggreenberg@zagfirm.com

*Counsel for Plaintiffs*