IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

```
                               *
ALICIA BOLLING, et al.,
                               *
     Plaintiffs,
                               *
          v.                        CIVIL NO.: WDQ-15-911
                               *
PP&G INC., et al.,
                               *
     Defendants.
                               *
*    *    *    *    *    *    *    *    *    *    *    *    *
```

MEMORANDUM OPINION

Alicia Bolling, Christine Miller, and Folasade Fields (the "Plaintiffs") sued PP&G, Inc., d/b/a Norma Jeans ("Norma Jeans"), and Peter Ireland (the "Defendants") under the Fair Labor Standards Act ("FLSA"),[1] Maryland Wage and Hour Law ("MWHL"),[2] and Internal Revenue Code ("IRC").[3]  Pending is the Defendants' motion to dismiss counts one and two as to Ireland, or for summary judgment, and to dismiss count three.  ECF No. 10.  No hearing is necessary. Local Rule 105.6 (D. Md. 2014). For the following reasons, the Defendants' motion will be denied.

---

[1] 29 U.S.C. §§ 201, et seq. (2012).

[2] Md. Code Ann., Lab. & Empl. §§ 3-401, et seq. (West 2010).

[3] 26 U.S.C. § 7434 (2012).

I.   Background

    A.   Facts[4]

Norma Jeans is an exotic dance club in Baltimore, Maryland.
ECF No. 3 ¶ 2.  The Plaintiffs worked at Norma Jeans as
bartenders.  *Id*. ¶ 16.  They allege that Norma Jeans and Ireland
were their "employers" under the FLSA and MWHL.  *Id*. ¶ 10.  As
to Ireland, the Plaintiffs allege that he "had a personal or
family financial interest in Norma Jeans and held himself out to
the public, the Plaintiffs, and to the media as the owner and
the individual in charge of Norma Jeans."  *Id*. ¶ 3.  Ireland
"was a high level manager of Norma Jeans" and their "highest
level supervisor"; he "manag[ed] and controll[ed]" other
managers who oversaw Norma Jeans's daily operations; and he
resolved "all important business operation questions and
decisions that could not be answered or otherwise handled by
[the] Defendants' managers."  *Id*. ¶¶ 4-6.[5]  Ireland set the
Plaintiffs' "rate and method of pay," and interacted with them
about "employment matters," including their concerns about their

---

[4] The facts are from the amended complaint.  ECF No. 3.  For the
motion to dismiss for failure to state a claim, the well-pled
allegations are accepted as true.  *See Brockington v. Boykins*,
637 F.3d 503, 505 (4th Cir. 2011).

[5] Ireland "regularly and customarily spent significant time each
week at Norma Jeans attending to [its] day-to-day operations."
ECF No. 3 ¶ 10.  The Plaintiffs interacted or spoke to Ireland
about work-related matters "[o]n a near daily basis."  *Id*. ¶ 8.

employment, rate and method of compensation, and "the operations of Norma Jeans." *Id*. ¶ 7, 9.

For each year of their employment,[6] Norma Jeans issued the Plaintiffs a Form W-2 that reported their yearly gross wages as "at or about $5,200"; those amounts were "facially incorrect." *Id*. ¶¶ 30-31. Norma Jeans "had actual knowledge and knew that [it had] underreported [the] Plaintiffs' earnings," and "knew exactly how much money it should have reported on [the] Plaintiffs' IRS Form W-2s as [their] actual wages." *Id*. ¶¶ 37-38. Norma Jeans "acted willfully and fraudulently to purposely issue an incorrect IRS Form W-2 to each Plaintiff in each tax year" to (1) to "avoid paying the employer share of FICA[7] and related employer tax withholdings[,] and (2) to reduce overhead and gain an unfair competitive advantage against industry competitors that otherwise adhered to their employer related tax obligations." *Id*. ¶¶ 60-61.

---

[6] Bolling worked at Norma Jeans from September 2009 to December 2014; Miller from December 2009 to December 2014; and Fields from August 2010 to August 2014. *Id*. ¶ 16. Each Plaintiff worked from 30 to 40 hours each week. *Id*. ¶ 17.

[7] FICA stands for "Federal Insurance Contributions Act," 26 U.S.C. §§ 3101, *et seq*. FICA payroll taxes include Medicare and Social Security taxes.

B.   Procedural History

On March 31, 2015, Bolling and Miller sued the Defendants for unpaid wages and statutory damages.  ECF No. 1.[8]  On April 6, 2015, the Plaintiffs amended the complaint to name Fields as a Plaintiff.  ECF No. 3.[9]  On May 15, 2015, the Defendants moved to dismiss counts one and two as to Ireland, or for summary judgment, and to dismiss count three as to Norma Jean.  ECF No. 10.  On June 8, 2015, the Plaintiffs opposed the motion.  ECF No. 13.  On June 23, 2015, the Defendants replied.  ECF No. 16.

II. Analysis

A.   Legal Standard

As to counts one and two, the Defendants' motion is captioned as a motion to dismiss under Rule 12(b)(6)[10] or, alternatively, for summary judgment under Rule 56.[11]  ECF No. 10 at 1.[12]  A motion with this caption implicates the Court's

---

[8] Count one alleges that the Defendants violated the FLSA; count two alleges that the Defendants violated the MWHL; and count three alleges that Norma Jeans violated the IRC.  ECF No. 1.

[9] The Plaintiffs also made minor factual changes.  *See* ECF No. 3-1.

[10] Fed. R. Civ. P. 12(b)(6).

[11] Fed. R. Civ. P. 56.

[12] As to count three, the Defendants have moved for dismissal only.  ECF No. 10-1 at 2.

discretion under Rule 12(d)[13] of the Federal Rules of Civil Procedure. *See Kensington Vol. Fire Dept., Inc. v. Montgomery County*, 788 F. Supp. 2d 431, 436-37 (D. Md. 2011). When the movant expressly captions its motion "in the alternative" as one for summary judgment, and submits matters outside the pleadings for the court's consideration,[14] the parties are deemed to be on notice that conversion under Rule 12(d) may occur. *Laughlin v. Metro. Wash. Airports Auth.*, 149 F.3d 253, 261 (4th Cir. 1998).

Ordinarily, the Court "is not to consider matters outside the pleadings or resolve factual disputes when ruling on a motion to dismiss." *Bosiger v. U.S. Airways*, 510 F.3d 442, 450 (4th Cir. 2007). However, under Rule 12(d), the Court, in its discretion, may consider matters outside the pleadings; if the Court does so, "the motion must be treated as one for summary judgment under Rule 56," and "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d).[15]

---

[13] Fed. R. Civ. P. 12(d).

[14] The Defendants have submitted an affidavit by Ireland disputing the Plaintiffs' allegations that he was their employer. ECF No. 10-3.

[15] The Court has "complete discretion to determine whether or not to accept the submission of any material beyond the pleadings that is offered in conjunction with a Rule 12(b)(6) motion and rely on it, thereby converting the motion, or to reject it or simply not consider it." 5 C Wright & Miller, Federal Practice and Procedure § 1366, at 159 (3d ed. 2004, 2011 Supp.). This

Rule 56(d) requires the Court to refuse summary judgment
when the nonmovant "has not had the opportunity to discover
information that is essential to [its] opposition." *Works v.
Colvin*, 519 F. App'x 176, 181-82 (4th Cir. 2013) (*quoting* Fed.
R. Civ. P. 56(d)) (internal quotation marks omitted).  The
nonmovant must show through affidavits (or declarations) that it
cannot yet properly oppose a motion for summary judgment. Fed.
R. Civ. P. 56(d); *Evans v. Techs. Apps. & Serv. Co.*, 80 F.3d
954, 961 (4th Cir. 1996).[16]  The Fourth Circuit "place[s] great
weight on the Rule 56[d] affidavit." *Evans*, 80 F.3d at 961.
"The purpose of the affidavit is to ensure that the nonmoving
party is invoking the protections of Rule 56[d] in good faith
and to afford the trial court the showing necessary to assess
the merits of a party's opposition." *Harrods Ltd. v. Sixty
Internet Domain Names*, 302 F .3d 214, 244 (4th Cir.2002)
(quotation marks omitted).

---

discretion "should be exercised with great caution and attention
to the parties' procedural rights." *Id*. at 149.  In general,
courts are guided by whether consideration of extraneous
material "is likely to facilitate the disposition of the
action," and "whether discovery prior to the utilization of the
summary judgment procedure" is necessary. *Id*. at 165-67.

[16] Under Rule 56(d), formerly Rule 56(f), when "a nonmovant shows
by affidavit or declaration that, for specified reasons, it
cannot present facts essential to justify its opposition, the
court may . . . defer considering the motion or deny it." Fed.
R. Civ. P. 56(d).

"A Rule 56[d] affidavit that conclusorily states that discovery is required is insufficient; the affidavit must specify the reasons the party is unable to present the necessary facts and describe with particularity the evidence that the party seeks to obtain." *Radi v. Sebelius*, 434 F. App'x 177, 178 (4th Cir. 2011) (*citing Trask v. Franco*, 446 F.3d 1036, 1042 (10th Cir. 2006)). A Rule 56(d) request for discovery is properly denied when the discovery sought would not create a genuine issue of material fact sufficient to defeat summary judgment. *See Strag v. Bd. Of Trustees, Craven Cmty. College*, 55 F.3d 943, 954 (4th Cir. 1995). However, because the rule "is intended as a safeguard against a premature grant of summary judgment [,] [courts] should construe the rule liberally[.]" *Works*, 519 F. App'x at 182 (internal quotations omitted); *accord Harrods*, 302 F.3d at 245 n. 18 (citing with approval sources applying the rule liberally).

The Plaintiffs contend that summary judgment is premature. ECF No. 13 at 7. In support, they have attached a Rule 56(d) declaration signed by their attorney asserting that Ireland's status as an "employer" is disputed. ECF No. 13-1;[17] *id*. at ¶¶ 4-5, 9-10. The declaration further asserts that there has been

---

[17] The declaration is dated June 8, 2014; however, it was filed in this Court on June 8, 2015. ECF No. 13-1 at 4. Accordingly, the Court presumes that the year was a typographical error.

no discovery about this issue because a scheduling order has not issued; thus, they have not had the opportunity to depose Ireland or Norma Jeans's corporate designee, or propound interrogatories or document requests. *Id.* ¶¶ 12-14.[18] The Plaintiffs seek discovery about the relationship between Ireland and Norma Jean, including its "management and human resources hierarchy," Ireland's financial interest in Norma Jean, and his role as a "manager or manager-type individual" in charge of daily operations. *Id.* ¶¶ 15, 17-18. Although the discovery sought may ultimately not support the Plaintiffs' FLSA and MWHL claims, this is not an instance when "the evidence sought was almost certainly nonexistent or was the object of pure

---

[18] The Defendants contend that the Plaintiffs' request for discovery must be denied because their attorney had the opportunity to conduct discovery about Ireland's status as an employer in a related case brought by different plaintiffs-- *Everett v. PP&G, Inc.*, No. RDB-14-0102 (D. Md.) ECF No. 16 at 6. In *Everett*, however, the Honorable Richard D. Bennett had dismissed claims against Ireland before discovery commenced. *See Everett*, No. RDB-14-0102, 2014 WL 2548124, at *3 (D. Md. June 5, 2014). Further, although the dismissal was without prejudice to the Plaintiffs' ability to amend the complaint following discovery, *see id.*, the suit was stayed pending a settlement conference before the discovery deadline passed, *see Everett*, No. RDB-14-0102 (D. Md. Jan. 27, 2015) (ECF No. 46). That suit ultimately settled. *See id.* (ECF No. 64). Accordingly, the Court is not persuaded that the Plaintiffs' counsel's conduct in pursuing discovery in *Everett* is relevant to whether the Plaintiffs are entitled to discovery in this case.

speculation,"[19] or would fail to create a genuine issue of
material fact.[20]  Indeed, the facts identified in the declaration
appear to be "essential" to the Plaintiffs' ability to oppose
the Defendants' basis for seeking summary judgment--that Ireland
is not an employer.  *See* Fed. R. Civ. P. 56(d).  Given the
factual disputes in this case and the Plaintiffs' Rule 56(d)
declaration, it is inappropriate for the Court to consider
summary judgment on the incomplete record before it.[21]
Accordingly, the Defendants' motion as to counts one and two
will be construed as a motion to dismiss.

Under Federal Rule of Civil Procedure 12(b)(6), an action
may be dismissed for failure to state a claim upon which relief
can be granted.  Rule 12(b)(6) tests the legal sufficiency of a
complaint, but does not "resolve contests surrounding the facts,
the merits of a claim, or the applicability of defenses."
*Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir.
2006).

---

[19] *See Ingle ex rel. Estate of Ingle v. Yelton*, 439 F.3d 191, 196
(4th Cir. 2006) (*quoting VISA Int'l Serv. Ass'n v. Bankcard
Holders of Am.*, 784 F.2d 1472, 1475 (9th Cir. 1986).

[20] *See Strag*, 55 F.3d at 954.

[21] *See Smith v. ABC Training Ctr. of Maryland, Inc.*, No. JFM-13-
306, 2013 WL 3984630, at *8 (D. Md. Aug. 1, 2013) (declining to
construe a motion as one for summary judgment because of the
parties' conflicting affidavits and the fact-intensive nature of
the employer inquiry); *Pearson v. Prof'l 50 States Prot., LLC*,
No. RDB-09-3232, 2010 WL 4225533, at *3 (D. Md. Oct. 26, 2010)
(same).

The Court bears in mind that Rule 8(a)(2) requires only a "short and plain statement of the claim showing that the pleader is entitled to relief." *Migdal v. Rowe Price-Fleming Int'l, Inc.*, 248 F.3d 321, 325-26 (4th Cir. 2001). Although Rule 8's notice-pleading requirements are "not onerous," the plaintiff must allege facts that support each element of the claim advanced. *Bass v. E.I. Dupont de Nemours & Co.*, 324 F.3d 761, 764-65 (4th Cir. 2003). These facts must be sufficient to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

This requires that the plaintiff do more than "plead[] facts that are 'merely consistent with a defendant's liability;'" the facts pled must "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Twombly*, 550 U.S. at 557). The complaint must not only allege but also "show" that the plaintiff is entitled to relief. *Id.* at 679 (internal quotation marks omitted). "Whe[n] the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged--but it has not shown--that the pleader is entitled to relief." *Id.* (internal quotation marks and alteration omitted).

B.    The Defendants' Motion

1.    Counts One and Two

Counts one and two allege violations of the FLSA and MWHL for failure to pay the minimum wage.  ECF No. 3 at 6-8.  The Defendants argue that those counts must fail because the Plaintiffs have failed to plausibly allege Ireland's status as an employer.  ECF No. 10-1 at 5-7.  The Plaintiffs argue that they have sufficiently alleged Ireland's status as employer. ECF No. 13 at 2-7.

The FLSA was enacted to protect "the rights of those who toil, of those who sacrifice a full measure of their freedom and talents to the use and profit of others."  *Benshof v. City of Virginia Beach,* 180 F.3d 136, 140 (4th Cir. 1999) (*quoting Tenn. Coal. Iron & R.R. Co. v. Muscoda Local No. 123,* 321 U.S. 590, 597, 64 S. Ct. 698, 88 L. Ed. 949 (1944)).  The Act mandates that employers pay a minimum wage to covered employees and pay overtime for each hour worked in excess of 40 per work week. 29 U.S.C. §§ 206(a)(1), 207(a)(1).  It is "remedial and humanitarian in purpose" and "should be broadly interpreted and applied to effectuate its goals."  *Benshoff,* 180 F.3d at 140 (internal citation and quotation marks omitted); *see also Gionfriddo v. Jason Zink, LLC,* 769 F. Supp. 2d 880, 890 (D. Md. 2011).

11

To sustain an FLSA claim, the plaintiffs must allege facts sufficient to establish the existence of an employer-employee relationship. *See id.* The FLSA defines "employer" as "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d). Courts examine the "economic realities" to determine if an employer-employee relationship exists. *See Schultz v. Capital Int'l Sec., Inc.,* 466 F.3d 298, 304 (4th Cir. 2006). Courts consider a person's (1) authority to hire and fire employees, (2) authority to supervise and control work schedules or employment conditions, (3) authority to determine the rate and method of payment, and (4) the maintenance of employment records. *Bonnette v. Cal. Health & Welfare Agency,* 704 F.2d 1465, 1470 (9th Cir. 1983). Courts also consider "the person's job description, his or her financial interest in the enterprise, and whether or not the individual exercises control over the employment relationship." *Gionfriddo,* 769 F. Supp. 2d at 890 (*citing Baystate Alternative Staffing v. Herman,* 163 F.3d 668, 675 (1st Cir. 1998)). No single factor is determinative, and the determination that an employment relationship exists "does not depend on . . . isolated factors but rather upon the circumstances of the whole activity." *Rutherford Food Corp. v. McComb,* 331 U.S. 722, 730, 67 S. Ct. 1473, 91 L. Ed. 1772, (1947); *see also Speert v. Proficio Mortg. Ventures, LLC,* No.

12

JKB-10-718, 2011 WL 2417133, at *3 (D. Md. June 11, 2011) (court should consider the totality of the circumstances).  Whether an individual is an employer under the MWHL is assessed under the FLSA economic realities test.  *See Iraheta v. Lam Yuen, LLC,* No. 12-1426, 2012 WL 5995689, at *4 (D. Md. Nov.29, 2012).

The Defendants urge the Court to follow *Everett*, wherein Judge Bennett granted Ireland's motion to dismiss because the plaintiffs in that case had failed to plausibly allege his status as an employer.  ECF No. 10-1 at 5-8.  The *Everett* plaintiffs had alleged that

> Ireland had a personal or family financial interest in
> Norma Jeans and has held himself out to the public and
> to the media as an owner and the individual in charge
> of Norma Jeans, has been a high level manager, has
> been in charge or managing and controlling . . .
> managers who oversee day-to-day operations, resolved
> all important business operation questions, and made
> all decisions relating to Plaintiffs' misclassifi-
> cation as independent contractors . . . .

*Everett*, 2014 WL 2548124, at *1 (internal quotation marks omitted).  Judge Bennett faulted the *Everett* plaintiffs for failing to provide "factual examples" of times when Ireland held himself out to the media and the public as Norma Jeans's owner, or of the types of decisions he had made about their classification as independent contractors.  *Id.* at *3.  Judge Bennett concluded that the *Everett* plaintiffs' allegations were "more accurately categorized as legal conclusions that [were] not worthy of deference under Rule 12(b)(6)."  *Id.*

Here, the Plaintiffs similarly allege Ireland's familial *or* personal financial interest in Norma Jeans, his public averments of ownership, and his management and decision-making roles.   ECF No. 3 ¶¶ 3-6.   Unlike the *Everett* plaintiffs, however, the Plaintiffs here also allege that Ireland set their "rate and method of pay," and interacted with them about their compensation and Norma Jeans's "operations."   *Id.* ¶¶ 7, 9.

Although somewhat lacking in factual detail, these allegations are sufficient to survive a motion to dismiss; thus, the Court respectfully declines to follow *Everett*.   "The Supreme Court has instructed courts to construe the terms 'employer' and 'employee' expansively under the FLSA."   *Quinteros v. Sparkle Cleaning, Inc.*, 532 F. Supp. 2d 762, 768 (D. Md. 2006). Further, under *Iqbal*, plausibility is a "context-specific" inquiry "requiring the reviewing court to draw on its experience and common sense."   556 U.S. at 663-664.   Ireland's apparent lack of a formal job title or official position is not dispositive;[22] rather, "the more salient measure is the extent of the individual's operational control over the enterprise and its employees."[23]   Assuming, as the Court must, that the Plaintiffs' allegations are true, it is plausible that Ireland exerted

---

[22] *See Rutherford Food Corp.*, 331 U.S. at 730.

[23] *Miller v. Colorcraft Printing Co.*, No. 3:03 CV 51-T, 2003 WL 22717592, at *3 (W.D.N.C. Oct. 16, 2003).

sufficient control over the Plaintiffs' employment and Norma
Jeans's daily operations to be an employer under the FLSA. *See
Reich v. Circle C. Investments, Inc.*, 998 F.2d 324, 329 (5th
Cir. 1993) (person whose wife owned nightclub was an FLSA
employer even though he lacked an ownership interest, did not
control daily operations, and his consulting agreement excluded
personnel matters, when he hired and supervised dancers, signed
checks, and publicly spoke for the club); *cf. Pearson v. Prof'l
50 States Prot., LLC*, No. RDB-09-3232, 2010 WL 4225533, at *4
(D. Md. Oct. 26, 2010) (individual was an FLSA employer when he
was the entity's President, set and recorded the plaintiffs'
hours, and failed to properly compensate them for overtime).
Accordingly, the Defendants are not entitled to dismissal of
counts one and two.

    2.    Count Three

Count three alleges a violation of the IRC for issuing
fraudulent Form W-2s to the Plaintiffs. ECF No. 3 at 8-9. The
Defendants contend that the Plaintiffs have failed to plead with
particularity that the Form W-2s were fraudulent. ECF No. 10-1
at 15-16. The Plaintiffs contend that they have sufficiently
alleged a tax fraud claim under 26 U.S.C. § 7434, for which
there is no heightened pleading standard. ECF No. 13 at 10, 12-
14.

Under 26 U.S.C. § 7434, a person may file a civil suit against another who "willfully files a fraudulent information return with respect to payments purported to be made to [such] person." 26 U.S.C. § 7434(a).  To prevail, the Plaintiffs must show that (1) the Defendants issued "information returns";[24] (2) the information returns were fraudulent; and (3) the Defendants willfully issued the fraudulent returns.  *Pitcher v. Waldman*, No. 1:11-CV-148, 2012 WL 5269060, at *4 (S.D. Ohio Oct. 23, 2012) *report and recommendation adopted*, No. C-1-11-148, 2013 WL 866510 (S.D. Ohio Mar. 7, 2013).

The Plaintiffs contend that because § 7434 "is a statutory claim" and not "common law [fraud] or a transgression substantially similar thereto," Rule 9(b)'s[25] heightened pleading standard does not apply.  ECF No. 13 at 13.  Rather, according to the Plaintiffs, "fraudulent" for the purpose of a § 7434 claim means "intentional wrongdoing."  *Id*. (*citing Pitcher*, 2012 WL 5269060, at *5).  The Fourth Circuit has not addressed whether Rule 9(b) applies to § 7434; however, other courts have

---

[24] A Form W-2 is an "information return."  *See* 26 U.S.C. § 6724(d)(1)(A)(vii); *Mould v. NJG Food Serv. Inc.*, No. CIV. JKB-13-1305, 2013 WL 6331286, at *8 (D. Md. Dec. 4, 2013) *order vacated in part on reconsideration on other grounds*, No. CIV. JKB-13-1305, 2014 WL 1430696 (D. Md. Apr. 11, 2014).

[25] Under Rule 9(b), "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake.  Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally."  Fed. R. Civ. P. 9(b).

found that it does.  *See Vandenheede v. Vecchio*, 541 F. App'x
577, 579 (6th Cir. 2013); *Gidding v. Zurich Am. Ins. Co.*, No.
15-CV-01176-HSG, 2015 WL 6871990, at *4 (N.D. Cal. Nov. 9,
2015); *Leon v. Tapas & Tintos, Inc.*, 51 F. Supp. 3d 1290, 1298
(S.D. Fla. 2014); *Byers v. Edina Couriers, LLC*, No. CIV. 11-87
PAM/TNL, 2011 WL 8780388, at *4 (D. Minn. Nov. 17, 2011) aff'd,
475 F. App'x 638 (8th Cir. 2012).[26]  Further, the Fourth Circuit-
-and other courts--routinely apply Rule 9(b) to statutory claims
sounding in fraud.  *See, e.g., Harrison v. Westinghouse Savannah
River Co.*, 176 F.3d 776, 783-84 (4th Cir. 1999) (False Claims
Act); *see also Brink v. Cont'l Ins. Co.*, 787 F.3d 1120, 1127
(D.C. Cir. 2015) (Racketeer Influenced and Corrupt Organizations
Act); *Sears v. Likens*, 912 F.2d 889, 893 (7th Cir. 1990)
(Securities and Exchange Act); *Haley v. Corcoran*, 659 F. Supp.
2d 714, 724 (D. Md. 2009) (Maryland Consumer Protection Act).

"In evaluating whether a cause of action must be pled with
particularity, a court should examine whether the claim requires
an essential showing of fraud."  *Baltimore Cty. v. Cigna
Healthcare*, 238 F. App'x 914, 921 (4th Cir. 2007).  The plain
language of § 7434 requires plaintiffs to prove the issuance of
a fraudulent information return.  *See* 26 U.S.C. § 7434(a); *see
also Mould v. NJG Food Serv. Inc.*, 37 F. Supp. 3d 762, 776-77

[26] The Plaintiffs do not cite--nor has the Court found--any
authority expressly holding that Rule 9(b) does *not* apply to
§ 7434.

(D. Md. 2014) ("As other courts have noted[,] our task in interpreting the meaning of § 7434 begins where all such inquiries must begin: with the language of the statute itself.")(internal quotations marks and brackets omitted). Because the Plaintiffs' § 7434 claim sounds in fraud, the heightened pleading standard of Rule 9(b) applies.

Rule 9(b) requires that the circumstances constituting fraud be stated with particularity. The rule "does not require the elucidation of every detail of the alleged fraud, but does require more than a bare assertion that such a cause of action exists." *Kerby v. Mortg. Funding Corp.*, 992 F. Supp. 787, 799 (D. Md. 1998). To satisfy the rule, a plaintiff must "identify with some precision the date, place, and time of active misrepresentations or the circumstances of active concealments, specifying which Defendant . . . is supposedly responsible for those statements or omissions." *Johnson v. Wheeler*, 492 F. Supp. 2d 492, 509 (D. Md. 2007). The Court "should hesitate to dismiss a complaint under Rule 9(b) if [it] is satisfied (1) that the defendant has been made aware of the particular circumstances for which [it] will have to prepare a defense at trial, and (2) that [the] plaintiff has substantial prediscovery evidence of those facts." *Harrison*, 176 F.3d at 784.

Here, the Plaintiffs allege that Norma Jeans "fraudulently . . . issue[d] an incorrect IRS Form W-2 to each Plaintiff in

each tax year." ECF No. 3 ¶¶ 60-61. Conclusionary statements are insufficient to survive a motion to dismiss. *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 253 (4th Cir. 2009)("[Courts] need not accept the legal conclusions drawn from the facts . . . ."). However, the Plaintiffs further allege that, for every year of their employment, Norma Jean "had actual knowledge and knew that [it had] underreported [the] Plaintiffs' earnings," and, stated somewhat differently, "knew exactly how much money it should have reported on [the] Plaintiffs' IRS Form W-2s." ECF No. 3 ¶¶ 30-31, 37-38. Norma Jeans allegedly did so to avoid FICA payments and reduce costs. *Id.* ¶¶ 60-61. Although--as the Defendants contend--"[b]are assertions that [they] 'knew' the returns to be false . . . without specific facts as to the who, what, when, why or how surrounding the actual filing of returns[,] does not meet the standard for pleading tax fraud,"[27] here, the Plaintiffs identify the "who" (Norma Jeans), "what" (false Form W-2s), "when" (every year of employment), "why" (to gain an unfair competitive advantage), and "how" (underreporting the Plaintiffs' income). *See* ECF No. 3 ¶¶ 16, 30-31, 37-38, 60-61. Thus, the Plaintiffs have plausibly alleged a cause of action under § 7434.

---

[27] *Leon*, 51 F. Supp. 3d at 1298 (dismissing § 7434 claim).

19

Accordingly, the Defendants are not entitled to dismissal of count three.

III. Conclusion

    For the reasons stated above, the Defendants' motion to dismiss will be denied.


_____12/17/15_____
Date

_____
William D. Quarles, Jr.
United States District Judge